TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Dereck Feemster

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dereck Feemster, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Enhanced Recovery Company, LLC; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Dereck Feemster, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Dereck Feemster (hereafter "Plaintiff"), is an adult individual residing in Tucson, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Enhanced Recovery Company, LLC (hereafter "Enhanced"), is a Florida company with an address 8014 Bayberry Road, Jacksonville, Florida 32256, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Enhanced and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Enhanced at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

8.      A person other than the Plaintiff allegedly incurred a financial obligation (the "Debt") to Dish Network (the "Creditor").

9.      Plaintiff is not the Debtor and is in no way responsible for repayment of the Debt.

10.     The Debt arose from services provided by the Creditor, which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11.     The Debt was purchased, assigned or transferred to Enhanced for collection, or Enhanced was employed by the Creditor to collect the Debt.

12.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.**     **Enhanced Engages in Harassment and Abusive Tactics**

13.     Beginning in or around July 2012, Enhanced started contacting Plaintiff in an attempt to collect the Debt.

14.     Enhanced placed two calls per day using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls") to Plaintiff's home telephone.

15.     Plaintiff has no prior relationship with Creditor and never gave consent to be called on his home telephone.

16.     On one occasion, Plaintiff was able to speak with Enhanced.  During this conversation, Plaintiff explained that the Debt was not his and asked that the Robocalls stop.

17.     Enhanced responded that Plaintiff was lying about the Debt not belonging to him and told Plaintiff that they would keep calling until the Debt was satisfied.

18.     During this conversation, Enhanced also told Plaintiff that the Debt would be sent to a higher authority if it was not immediately paid.

19.     Plaintiff told Enhanced that he had retained legal representation and instructed Enhanced to direct all future correspondence to his legal counsel.

20.     Despite knowing that Plaintiff had obtained legal representation, Enhanced continued to place calls to Plaintiff.

4

**C.**     **Plaintiff Suffered Actual Damages**

21.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22.     As a direct consequence of the Defendants' acts, practices, and conduct, the Plaintiff suffered, and continues to suffer, from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

23.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

25.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

26.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used abusive language when speaking with the consumer.

1
2
3
4

27.	The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

5
6
7
8

28.	The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

9
10
11

29.	The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

12
13

30.	The Plaintiff is entitled to damages as a result of the Defendants' violations.

14

## COUNT II

15

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

16
17
18

31.	The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19
20
21
22
23

32.	The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

24
25
26

33.	Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

27
28

6

34.     The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with repeated phone calls.

35.     The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

36.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

37.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

38.     All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C.  Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D.  Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial;

E.  Punitive damages; and

F.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  November 1, 2012            LEMBERG & ASSOCIATES, LLC


By:   */s/ Trinette G. Kent*
            Trinette G. Kent

Attorney for Plaintiff
Dereck Feemster

8